**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar # 330090)
scott@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (305) 975-3320

*Counsel for Plaintiff*

[*Additional Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

TED LOURENCO, *Individually and On Behalf of All Others Similarly Situated*,

Plaintiff,

v.

AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES LLC, AMERIPRISE FINANCIAL SERVICES, INC., and AMERICAN ENTERPRISE INVESTMENT SERVICES, INC.,

Defendants.

Case No. 2:24-cv-08825-MRA-KS

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION ON CONSOLIDATION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Hearing Date: January 6, 2025
Time: 1:30 p.m.
Judge: Hon. Monica Ramirez Almadani
Courtroom: 10B

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 6, 2025, at 1:30 p.m., or as soon thereafter as this matter may be heard before the Honorable Mónica Ramírez Almadani in Courtroom 10B of the above-entitled Court, located at 350 W. First Street, Los Angeles, California, Plaintiff Ted Lourenco (collectively, "Plaintiff") will and hereby do move the Court to stay pending decision on Consolidation by the Judicial Panel on Multidistrict Litigation. Plaintiff bases his motion to stay on this Notice of Motion and Motion; the pleadings in this action; and such other materials and evidence as may be presented to the Court. This motion is made following the L.R. 7-3 conference of counsel, which took place on November 1, 2024.

For the reasons explained in detail in his motion, Plaintiff requests that the Court grant his motion to stay pending decision on Consolidation by the Judicial Panel on Multidistrict Litigation.

Dated: November 12, 2024

Respectfully submitted,

**EDELSBERG LAW, P.A.**

*/s/ Scott Edelsberg, Esq.*
Scott Edelsberg, Esq.
CA Bar No. 330090
scott@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 305-975-3320

Kristen Lake Cardoso, Esq.
CA Bar No. 338762
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
cardoso@kolawyers.com

*Counsel for Plaintiff and Proposed Class*

## INTRODUCTION

Plaintiff, Ted Lourenco ("Plaintiff"), respectfully requests this Court stay this action pending a decision on the motion to consolidate the above-captioned action with other cases pending nationwide for pre-trial proceedings pursuant to 28 U.S.C. § 1407 (the "MDL Motion"). *See In re Cash Sweep Litigation*, No. 3136, ECF No. 1-1 (J.P.M.L. Oct. 30, 2024).

## FACTUAL BACKGROUND

This is one of 21 related class action lawsuits pending in eight jurisdictions against one or more common defendant financial services companies alleging that the defendants breached their contractual and fiduciary duties to their customers by sweeping uninvested cash in their customers' brokerage accounts to deposit accounts held at affiliated banks that paid unreasonably low, below-market rates of interest. For example, Plaintiff Lourenco alleges that, when acting as their customers' agents and fiduciaries, Ameriprise "sweeps" uninvested cash balances in its customers' accounts and usually deposits that cash into accounts located at its affiliated bank, Ameriprise Bank, FSB. *See* ECF No. 1 ¶ 2. Plaintiff argues that Ameriprise breached its fiduciary duties when it placed its customers' cash in low interest-bearing accounts held by its own affiliates and then pocketed the unpaid interest as additional profit. *Id.* ¶ 6. Similar allegations have been made against Ameriprise in litigation currently pending in the District of Minnesota and against seven other financial services companies across the United States. *See In re Cash Sweep Litig.*, No. 3136, at ECF No. 1-2 (Schedule of Actions).

Plaintiff filed his class action complaint on October 14, 2024. On November 1, 2024, Defendants filed a stipulation extending their deadline to respond to the complaint until December 9, 2024. Then, on November 8, 2024, Defendants filed a motion to transfer this action to the District of Minnesota. ECF No. 26.

Recently, plaintiffs in two similar cash sweep cases filed the MDL Motion before the Judicial Panel on Multidistrict Litigation ("JPML"). The MDL Motion

argues that Related Actions should be transferred to the Southern District of New York for consolidated or coordinated pretrial proceedings because they share the same common core of factual and legal issues involving defendants' use of cash sweep programs to generate massive revenue by paying customers unreasonably low interest rates. *See* MDL Mot. at 3.

**ARGUMENT**

Plaintiffs requests a stay of all proceedings in this class action lawsuit pending a decision by the JPML on the transfer of this case to the Southern District of New York (or some other district court) for coordinated and consolidated pretrial proceedings. As this Court has explained, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (citing *American Seafood v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *6 (E.D. Pa. May 7, 1992) (citing *Arthur–Magna, Inc. v. Del–Val Fin. Corp.,* No. 90-4378, 1991 WL 13725 (D.N.J. 1991)); *Portnoy v. Zenith Labs.,* No. 86-3512, 1987 WL 10236, at *1 (D.D.C.1987)); *see also Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case."). The Court should conclude, in accordance with the most precedent, that a stay is appropriate to conserve judicial resources, avoid inconsistent pretrial rulings, and prevent prejudice to both parties.

**A. Legal Standard**

A district court has the inherent power to stay its proceedings. *See Landis v. North American Co.,* 299 U.S. 248, 254 (1936) (explaining power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). When considering a motion to stay, the district court should consider

three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

**B. Judicial Economy Favors a Stay Pending the JPML Decision**

"Preservation of judicial resources is a primary factor to consider in evaluating a motion to stay proceedings pending a transfer to an MDL court." *Segovia v. Bristol-Myers Squibb Co.*, No. CVNO1500519DKWRLP, 2016 WL 7007482, at *2 (D. Haw. Nov. 30, 2016) (citing *Rivers*, 980 F. Supp. at 1360–61). Granting a temporary stay pending determination of the MDL Motion will prevent the need for duplicative proceedings in this Court and other jurisdictions, preserving judicial resources. *See Portnoy,* 1987 WL 10236, at *1 ("a stay of proceedings in this forum, pending a decision on transfer by the [JPML], might well further judicial economy").

This Court has consistently recognized the value of staying proceedings in such cases to promote efficient judicial administration. For example, in *Rivers*, this Court found multiple ways in which judicial resources could be conserved by staying a case while a motion to transfer was pending before the JPML. First, the Court explained, "if this case is consolidated with the other cases in Florida and this Court is not assigned by the MDL Panel to preside over the consolidated litigation, this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Id.* at 1360. Second, the Court found that "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the Disney cases in this Court." *Id.* Third, the Court reasoned that "the time and energy that this Court would devote to any rulings it might make … could be for naught if this action is transferred to another court." *Id.* Thus, the Court concluded "there is a great deal of

this Court's time and energy that could be saved by staying the instance case pending the MDL Panel decision." *Id.*

This Court frequently relies on *Rivers* to conclude that preservation of judicial resources is a compelling reason to grant a stay pending determination of a motion like the MDL Motion. *See, e.g., Qualls v. Ford Motor Co.*, No. 2:22-CV-03774-MEMF-MRWx, 2023 WL 5723248 (C.D. Cal. July 19, 2023) ("judicial resources will likely be best preserved by staying this action until a decision is issued on the proposed transfer."); *Cooper v. Siddighi*, No. EDCV1300345JGBSPX, 2013 WL 12140988, at *5 (C.D. Cal. May 8, 2013) ("Imposing the stay promotes judicial efficiency"); *Willems v. Johnson & Johnson*, No. CV 20-00621-CJC(JCX), 2020 WL 6140301, at *2 (C.D. Cal. Apr. 29, 2020) ("perhaps most importantly, the requested temporary stay would conserve judicial resources and avoid duplicative litigation …. Duplication of case management tasks by multiple courts is not an economical use of judicial resources."). As in these (and many other) cases, the Court should find that judicial economy favors a brief stay of this case until the MDL Motion is decided.

### C. The Balance of Hardships Weighs in Favor of Granting a Stay

Plaintiff will face undue hardship and expense if this case proceeds without a stay. Should this case not be temporarily stayed, Plaintiff will be required to respond to Defendants' pending motion to transfer, which will be moot should the JPML grant the MDL Motion. Similarly, should Defendants move to dismiss the complaint, Plaintiff will expend significant resources opposing a motion that may also become moot should the case be transferred and consolidated. Requiring Plaintiff to expend considerable resources responding to motions that, in just a few months, may become moot, would be inefficient and create undue hardship. *See Qualls*, 2023 WL 5723248, at *2 (finding the moving party "faces some risk of prejudice and unnecessary legal fees if [it] is required to continue [litigating] and the action is later transferred after this work is done"); *Willems v. Johnson & Johnson*, 2020 WL

6140301, at *2 (finding party would be "unnecessarily burdened if this action is not temporarily stayed" by being required to "engage in duplicative motion practice");

Conversely, Defendant will experience no prejudice from a stay, as the short delay pending a JPML decision will not impact Defendant's ability to litigate the case. *See Rivers*, 980 F. Supp. 1358 at 1362 n.5 ("any delay would indeed be temporary since the MDL Panel will hear the Motion to Transfer And Consolidate" soon); *see also, e.g., Jones v. Sanofi US Servs. Inc.*, No. CV 18-8268-R, 2018 WL 6842605, at *1 (C.D. Cal. Nov. 19, 2018) ("No harm should result from a brief delay while the JPML decides whether to transfer this case. In fact, a stay might help [the party opposing the stay] avoid unnecessary effort and expense, including the costs of pretrial motion practice and discovery in this Court that may prove unnecessary if the case is transferred."). "In fact, even if a temporary stay could be characterized as a delay that would be prejudicial to Defendant, there are still considerations of judicial economy that outweigh any prejudice to Defendant." *Id.* (citing *Egon v. Del–Val Fin. Corp.*, No. 90-4338, 1991 WL 13726, at *1 (D.N.J. 1991)). "Furthermore, this action is in its extremely early stages, so neither party has expended considerable resources litigating before this Court." *Willems*, 2020 WL 6140301, at *2 (citing *McVicar v. Goodman Glob. Inc.*, 2013 WL 6212149, at *2 (C.D. Cal. Nov. 25, 2013) (finding it "prudent to temporarily stay [the] case pending a decision by the JPML" in part because it was in its "nascent stages of development")).

**D. The Court Should Reject Defendants Arguments to Deny the Stay**

In short, a stay pending determination of the MDL Motion is warranted because continued litigation may result in expenditure of needless expense and effort by Plaintiff but will cause no hardship or prejudice to Defendant. Nevertheless, in their motion to transfer, Defendants argue that the pending MDL Motion should not delay a decision on transfer because the MDL Motion is unlikely to succeed and, even if it is granted, the MDL "will only address ***pre-trial*** proceedings, and the cases that remain following the conclusion of such proceedings will need to be remanded

for trial in the appropriate venue." Mot. to Transfer at 11. Neither of these arguments should persuade the Court to deny the motion to stay, as this Court has held in similar situations.

First, Defendants cite no authority to support their argument that it is inadvisable to grant a stay because of their belief that the MDL Motion is likely to be denied. While Plaintiff supports an industry-wide consolidation—as the JPML has repeatedly ordered in prior similar situations—the merits of the MDL Motion is irrelevant to whether this Court should needlessly expend judicial resources when there is a chance that the JPML will moot this Court's decisions, or whether the prejudice to Plaintiff outweighs the hardship to Defendants. *See Gray v. Berber Prods. Co.*, No. 5:12-CV-01964-LHK, 2012 WL 4051186, at *2 (N.D. Cal. Sept. 12, 2012) (rejecting argument that request for a stay should be denied because 'assignment of MDL status is far from guaranteed'" and the JPML had "recently denied consolidation and transfer" in "similar … cases").

Second, and most importantly, Defendants' argument that this Court should determine venue before the JPML rules has been repeatedly rejected by this Court for reasons that apply with equal force in this case. For example, in *Cooper*, the plaintiffs opposed a motion stay proceedings pending a transfer to the MDL, requesting that the Court remand the case to state court because of a fraudulent misjoinder that, once corrected, would eliminate the basis for federal jurisdiction. 2013 WL 12140988, at *3. This Court rejected that request and granted the stay pending the JPML proceedings based on a line of cases holding that "staying proceedings pending MDL transfer and allowing the MDL Panel to hear a pending remand motion promoted judicial economy and did not unduly prejudice the plaintiff." *Id.* at *4 (citing *Couture v. Hoffman-La Roche. Inc.*, 2012 WL 3042994, *2 (N.D. Cal. July 25, 2012); *Scroggins v. Hoffman-La Roche, Inc.*, 2012 WL 2906574, at *1-2 (N.D. Cal. July 16, 2012); *Blalock v. DePuy Orthopaedics, Inc.*, 2011 WL 6217540, at *1 (N.D. Cal. Dec. 14, 2011)). This Court noted that deciding

the venue issue "runs the risk of creating inconsistent rulings and duplicative work" and was persuaded by the JPML's holding that plaintiffs "can present their motion to remand to state court to the transferee court." *Id.* As in *Cooper*, a stay pending the MDL Motion will eliminate these risks. Further, should the cases be transferred and consolidated, Defendants can present their motion to transfer to the transferee court should the cases eventually be sent back for trial. *Id.*

Finally, the couple of Ninth Circuit cases Defendants cite regarding this Motion fail to support their arguments. Notably, Defendants cite *Gray*, 2012 WL 4051186, at *2, for the proposition that an "MDL Panel could consolidate an action '[r]egardless of this Court's ruling on Defendants' Motion to Transfer." The question here, however, is not whether this Court *could* rule on the motion to transfer now, but whether it *should*. *Gray* answered that question in the negative, *granting* a motion to stay pending an JPML motion to transfer and consolidate because "[r]egardless of this Court's ruling on Defendants' Motion to Transfer, the MDL Panel could consolidate and transfer this action to Washington, New Jersey, or another appropriate district for pre-trial proceedings." *Id.* The Court did "not agree with Defendants' contention that this Court's decision on the transfer issue would provide sufficient aid to the MDL panel to justify the expenditure of this Court's judicial resources." *Id.* Further, the Court reasoned that "if the MDL Motion is denied, the stay in this action will be lifted, and the Court will consider Defendants' Motion to Transfer." *Id.* Ameriprise's cited authority provides compelling reasons to grant a stay of this case.

Conversely, *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F.Supp. 1186 (N.D. Cal. 1997), the only Ninth Circuit case that granted relief like that sought by Defendants is a nearly quarter-century old decision of a different court that is incompatible with the modern trend established by this district in *Rivers* and applied, even amidst motions concerning venue, in the line of cases the *Cooper* court followed. Moreover, *Tortola* is distinguishable on its facts. In that case, the Northern

District denied a motion to stay pending an MDL motion because the undisputed facts demonstrated that the value of the plaintiff's claim did not meet the jurisdictional minimum for diversity jurisdiction and, therefore, remand was required as a matter of law. *Id.* at 1190. Here, by contrast, Defendants do not challenge jurisdiction or venue as a matter of law; instead, they request the Court exercise its discretion, based on a balance of equitable factors, to transfer this case to another district court. Mot. to Transfer at 5–10. There is simply no good reason for this Court to engage in a complex analysis on a discretionary decision when its work may be rendered entirely moot by an MDL Motion that will be heard shortly. Plaintiffs respectfully request that the Court follow the well-established precedent in this district favoring a brief stay pending a JPML decision on transfer and consolidation.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion to temporarily stay all proceedings in this case pending the JPML's decision on the MDL Motion.

## RULE 7-3 CERTIFICATE OF CONFERRAL

Counsel for Plaintiff, Adam A. Schwartzbaum, certifies that they conferred with counsel for Defendant, Lauri Washington Sawyer, regarding this motion on November 1, 2024. This conference took place via telephone, during which Plaintiff's counsel explained the basis for the motion, and Defendants' counsel took it under advisement. On November 5, 2024, Defendants' counsel transmitted correspondence stating, "Ameriprise has considered plaintiff's proposal and will not agree to stay the case pending the MDL motion."

Dated: November 12, 2024

Respectfully submitted,

**EDELSBERG LAW, P.A.**

*/s/ Scott Edelsberg, Esq.*
Scott Edelsberg, Esq.
CA Bar No. 330090
scott@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 305-975-3320

Kristen Lake Cardoso, Esq.
CA Bar No. 338762
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
cardoso@kolawyers.com

*Counsel for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, a copy of the foregoing was served by ECF to Counsel of record.

*/s/ Scott Edelsberg*
Scott Edelsberg