MEAGHAN VERGOW*
mvergow@omm.com
BRIAN D. BOYLE (126576)
bboyle@omm.com
SHANNON BARRETT**
sbarrett@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4061
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

JORGE DENEVE (198855)
jdeneve@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, CA
Telephone: +1 213 430 6000
Facsimile: +1 213 430 6407

LAUREN WAGNER*
lwagner@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the America, Suite 1700
New York, NY 10019
Telephone: +1 212 326 2000
Facsimile: +1 212 326 2061

*Attorneys for Defendants*

*Admitted Pro Hac Vice

**Pro Hac Vice application forthcoming

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

TED LOURENCO, *Individually and On Behalf of all Others Similarly Situated*,

Plaintiff,

v.

AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, LLC, AMERIPRISE FINANCIAL SERVICES, INC., and AMERICAN ENTERPRISE INVESTMENT SERVICES, INC.,

Defendants.

Case No. 2:24-cv-08825-MRA-KS

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY PENDING DECISION ON CONSOLIDATION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Hearing Date: January 6, 2025
Time: 1:30 p.m.
Judge: Hon. Mónica Ramírez Almadani
Courtroom: 10B

## TABLE OF CONTENTS

| | Page |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | 3 |
| CONCLUSION | 7 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Buchanan v. Johnson & Johnson*,
2015 WL 13916304 (C.D. Cal. Oct. 16, 2015) .......... 7

*Calderon v. Cargill, Inc.*,
2013 WL 12205633 (C.D. Cal. Dec. 10, 2013) .......... 6

*Campbell v. First Am. Fin. Corp.*,
2019 WL 3576956 (N.D. Cal. Aug. 5, 2019) .......... 6

*In re: Cash Sweep Programs Cont. Litig.*,
MDL No. 3136 (JPML Oct. 30, 2024) .......... *passim*

*Gray v. Gerber Prods. Co.*,
2012 WL 4051186 (N.D. Cal. Sept. 12, 2012) .......... 6

*Hoiland v. Bayer Corp.*,
2009 WL 10673215 (C.D. Cal. Dec. 4, 2009) .......... 6

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
523 U.S. 26 (1998) .......... 4

*Mehlman v. Ameriprise Financial, Inc.*,
No. 24-cv-03018 (D. Minn. July 29, 2024) .......... 2

*Quinn v. JPMorgan Chase Bank, N.A.*,
2020 WL 3472448 (S.D.N.Y. June 24, 2020) .......... 3, 7

*Rivers v. Walt Disney Co.*,
980 F. Supp. 1358 (C.D. Cal. 1997) .......... 3

*Ryan v. Gencor Nutrients, Inc.*,
2015 WL 729868 (N.D. Cal. Feb. 19, 2015) .......... 6

**Statutes**

28 U.S.C. § 1407(a) .......... 3

## INTRODUCTION

Plaintiff's Motion to Stay Case pending Decision on Consolidation by the Judicial Panel on Multidistrict Litigation (Dkt. 27) should be denied to the extent that it seeks to forestall this Court's determination of Defendants' pending Motion to Transfer, *see* Motion to Transfer (Dkt. 26).[1] Defendants' Motion to Transfer seeks to move this action to the District of Minnesota where it can be coordinated or consolidated with an ongoing, previously filed action that asserts substantially similar claims against the same Defendants[2] on behalf of the same putative class. Postponing resolution of the Motion to Transfer under these circumstances would not promote judicial economy; it would undermine it.

Contrary to Plaintiff's suggestion, the decision of the Judicial Panel on Multidistrict Litigation ("JPML") on industry-wide consolidation will not nullify Defendants' requested relief or obviate the need for a decision on the appropriate venue for this case. Even in the unlikely event that the Panel creates an industry-wide MDL (only a handful of plaintiffs in the scattered proceedings have registered support for the petition, and the vast majority of the plaintiffs and all defendants registering views have opposed), the selected MDL court will be limited to addressing pretrial matters—now, or upon remand from the MDL court, this Court will still need to decide the appropriate venue for any remaining proceedings (assuming Plaintiff's claims survive to that point). Waiting to decide whether to

[1] The parties have stipulated to postpone Defendants' substantive response to Plaintiff's Complaint until after the Court rules on the Motion to Transfer and no pretrial schedule is currently in place. To the extent that Plaintiff's Motion seeks to stay Defendants' response to the Complaint or other pretrial matters before this Court beyond the briefing and resolution of the Motion to Transfer, Defendants do not oppose the Motion on the understanding that, in the event the Motion to Transfer is granted, any stay order entered by this Court would not affect the ability of this litigation to move forward in the transferee court.

[2] Unlike in *Mehlman v. Ameriprise Fin., Inc.*, No. 24-cv-03018 (D. Minn.), here Plaintiff purports to name as a defendant Ameriprise Financial Services, Inc., but that entity is now known as Ameriprise Financial Services, LLC, *see* Dkt. 22—and that entity is a named defendant in *Mehlman*.

transfer this action, on the other hand, comes at a cost. The related litigation in the District of Minnesota, *Mehlman v. Ameriprise Financial, Inc.*, No. 24-cv-03018 (D. Minn.) ("*Mehlman*"), is moving forward pursuant to a local consolidation order, with Defendants' dismissal motion due in four days.[3] Thus, the longer this Court must wait to decide the Motion to Transfer, the further downstream *Mehlman* will be at the time of any transfer, impairing the ability of the court hearing the first-filed purported class actions to promote efficiency by coordinating pretrial activity across the cases or addressing further consolidation. And holding up transfer would prejudice Defendants by denying them the benefits of that efficiency.

Plaintiff, in turn, has not demonstrated that he will suffer any undue hardship or inequity if the Court declines to stay briefing of the Motion to Transfer. The most Plaintiff will be required to do is respond to that motion now rather than respond to the same or similar motion in the future. And Plaintiff's recent filings make clear he will have little to nothing to say when he responds. In supporting an industry-wide consolidated pretrial proceeding before the JPML, Plaintiff has already conceded that transfer to another jurisdiction would not be a hardship. And the arguments Plaintiff has recently made in favor of industry-wide consolidation—including that the cases will require "essentially the same discovery," that "centralization will optimize judicial efficiency," and that the appropriate forum is the location of the "most advanced case"[4]—apply with greater force in favor of Defendants' Motion to Transfer. Defendants, of course, do not agree that consolidation on an industry-wide basis is warranted. But, having now advocated for industry-wide consolidation in a jurisdiction that has no stated connection to

---

[3] *See* Order on J. Stipulation to Extend Defs.' Time to Answer Pls.' Consolidated Compl., *Mehlman v. Ameriprise Fin., Inc.*, No. 24-cv-03018 (D. Minn. Nov. 1, 2024), Dkt. 56.

[4] *See* Resp. of Pls. Jamie Canales, Gopal Chakravarthy, Ted Lourenco, and David M. Morris in Supp. of Mot. to Transfer and Consolidate Pursuant to 28 U.S.C. § 1407, *In re: Cash Sweep Programs Cont. Litig.*, MDL No. 3136 (JPML Nov. 27, 2024), Dkt. 73 ("Lourenco Response to Mot. to Consolidate").

Plaintiff or Defendants, Plaintiff is in no position to object to the more limited measure of transferring this single case against Ameriprise affiliates to a jurisdiction where this case can be coordinated or consolidated with a first-filed suit involving essentially the same claims against the same Defendants. As such, it makes no sense to delay Plaintiff's response to the Motion to Transfer.

## **ARGUMENT**

As Plaintiff has recognized, a decision to stay is guided by three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Dkt. 27, at 5 (quoting *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

Taking the last of these factors first, staying resolution of the Motion to Transfer will not save judicial resources but will, if anything, consume a greater share of them. As discussed in Defendants' Motion to Transfer, there is good reason to believe that the effort to consolidate actions against different financial services firms with different customer bases on differing contractual terms will fail.[5] Dkt. 26, at 11. But, even if an industry-wide MDL proceeding were created, the existence of an MDL would not avoid the need for this Court to determine the appropriate venue of this case. The MDL process only coordinates and consolidates pretrial proceedings. *See* 28 U.S.C. § 1407(a) (cases may be

[5] Indeed, all defendant financial firms and the majority of plaintiffs that filed responses before the JPML opposed Plaintiffs' Motion for Transfer and Consolidation Pursuant to 28 U.S.C. § 1407. *See In re: Cash Sweep Programs Cont. Litig.*, MDL No. 3136, Dkt. 60, 64–79, 81, 84, 90 (identifying 18 Responses in Opposition to Plaintiffs' Motion for Transfer and Consolidation and only two Responses in Support, filed on behalf of just five Plaintiffs); *Quinn v. JPMorgan Chase Bank, N.A*., 2020 WL 3472448, at *1 (S.D.N.Y. June 24, 2020) (noting, in refusing to stay motion to transfer pending MDL decision, that most petitions of MDL centralization are denied and that many of those that are granted are unopposed).

transferred to an MDL for "coordinated and consolidated pretrial proceedings"). Barring transfer, the case will be remanded to this Court at the end of those pretrial proceedings (assuming Plaintiff's claims have survived), and this Court would still need to decide where any remaining stages of the case should be litigated—before this Court or in the District of Minnesota. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998) (explaining that Section 1407 "obligates the Panel to remand any pending case to its originating court when . . . pretrial proceedings have run their course").

Thus, the only question is *when* the Court should make that determination. Judicial economy favors making that determination sooner rather than later. Plaintiff himself has recognized the efficiencies obtained by coordinating or consolidating actions involving "overlapping factual issues[.]" Lourenco Response to Mot. to Consolidate 5–6, 7–8. But, logically, coordination can bring efficiencies only with respect to those proceedings that remain at the time coordination commences. This is important because, while Plaintiff seeks to put the proceedings here on ice, the *Mehlman* case continues to progress. As a result, the longer this Court must wait to decide the Motion to Transfer, the less opportunity the transferee court will have to promote efficiencies if transfer occurs. And, because coordination and consolidation are intended to provide efficiencies for the parties as well as the courts, Defendants would be unfairly prejudiced if those efficiencies were unnecessarily limited by delay. By contrast, Plaintiff will not suffer any hardship or inequity if the Motion to Transfer is not stayed. To be sure, Plaintiff would need to file a response to the motion. But, for the reasons discussed, Plaintiff will at some point need to respond to the same motion or a similar motion regardless of what the JPML decides. *Supra* at 3–4.

Moreover, any supposed burden associated with responding to Defendants' Motion to Transfer depends on Plaintiff having substantive objections to make. Not only has Plaintiff failed to signal any such objections, but his recent submission

to the Panel expressing support for an *industry-wide* MDL raises serious questions as to what objections he could possibly raise. He cannot object on convenience grounds: In his submission, he endorses moving pretrial proceedings in this case across the country to the Southern District of New York—a jurisdiction Plaintiff has not identified as having any significant connection to Plaintiff, Defendants, or any concentration of likely witnesses or evidence. Lourenco Response to Mot. to Consolidate 8. And Plaintiff further asserts in that filing that "cases involving overlapping factual issues are particularly appropriate for transfer and consolidation or coordination[;]"[6] that "[t]he Related Actions against each of the Defendants will require essentially the same discovery[;]"[7] that "centralization will optimize judicial efficiency[;]"[8] that "[t]ransfer and centralization will promote the just and efficient conduct of the Related Actions because it will eliminate the possibility of conflicting pretrial rulings[;]"[9] and that determination of venue should favor the location of the "most advanced case."[10] For reasons that Defendants have addressed in their own submission to the Panel,[11] these arguments do not justify the consolidation of cases involving claims against entirely different financial services firms on differing contracts with different contractual terms. But, having endorsed transfer and consolidation on so grand a scale, Plaintiff cannot seriously challenge Defendants' more modest proposal that this case be transferred so that it may be coordinated with an earlier-filed action involving the same Defendants based on the same contractual terms. In fact, Plaintiff himself has asserted that, as an "alternative [to an industry-wide MDL], there is sufficient justification to create

[6] Lourenco Response to Mot. to Consolidate 5.
[7] *Id.* at 6.
[8] *Id.* at 7.
[9] *Id.* at 7–8.
[10] *Id.* at 9.
[11] *See* Ameriprise Defs.' Opp. to Pls.' Mot. for Transfer and Consolidation Pursuant to 28 U.S.C. § 1407, *In re: Cash Sweep Programs Cont. Litig.*, MDL No. 3136 (JPML Nov. 27, 2024), Dkt. 65.

defendant-specific MDLs, over which the same transferee judge would preside." Lourenco Response to Mot. to Consolidate 6 n.4. There is no reason to delay the Court's resolution of an issue that Plaintiff cannot credibly dispute and has indeed all but conceded. Accordingly, applying the factors that Plaintiff himself has cited, Plaintiff's request to stay consideration of Defendants' Motion to Transfer should be denied.

The cases cited by Plaintiff do not warrant a different conclusion. Despite Plaintiff's assertion that a stay would be consistent with "most precedent," Mot. to Stay 4, he cites only one case in which a court from another District stayed action on a motion to transfer under 28 U.S.C. § 1404(a) pending the JPML's ruling on an MDL petition. In that case, *Gray v. Gerber Products Co.*, 2012 WL 4051186 (N.D. Cal. Sept. 12, 2012), the court's decision to stay was expressly influenced by the fact that the hearing on the MDL motion was only a few days away, *id.* at *2, as the the Northern District of California emphasized in declining to stay a proceeding in a subsequent case, *see Ryan v. Gencor Nutrients, Inc.,* 2015 WL 729868, at *2 (N.D. Cal. Feb. 19, 2015). Moreover, the same court has rejected the categorical argument that courts must suspend venue motion practice just because an MDL petition is pending. *See Campbell v. First Am. Fin. Corp.*, 2019 WL 3576956, at *3 n.24 (N.D. Cal. Aug. 5, 2019) (transferring case under first-to-file rule and noting that while "plaintiffs cite several cases where courts have stayed motions to remand to state court while JPML motions were pending, . . .[n]one of these cases addressed the first-to-file rule or dealt with transfer issues analogous to the ones presented here"). Other courts, including courts in this District, have found likewise. *See, e.g.*, *Calderon v. Cargill, Inc.,* 2013 WL 12205633, at *2 (C.D. Cal. Dec. 10, 2013) (holding that argument that motion to transfer should be stayed is "meritless" and noting that "[t]he JPML has held that centralization under section 1407 should be the last solution after considered review of all other options, including transfer pursuant to section 1404") (quotation omitted); *Hoiland v. Bayer*

*Corp.*, 2009 WL 10673215, at *2 (C.D. Cal. Dec. 4, 2009) (holding that "judicial economy . . . is best served by determining the threshold issue of the appropriate forum for the litigation as quickly as possible"); *Buchanan v. Johnson & Johnson*, 2015 WL 13916304, at *4 (C.D. Cal. Oct. 16, 2015) (denying motion to stay and transferring case pursuant to Section 1404 to "best serve the interests of justice and the convenience of the parties and witnesses"); *Quinn,* 2020 WL 3472448, at *1–2 (analyzing five different factors supporting denial of motion to stay). This Court should do the same here.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Stay, and proceed to address Defendants' pending Motion to Transfer and resolve where venue in this action should ultimately lie.

Dated: December 16, 2024

O'MELVENY & MYERS LLP
MEAGHAN VERGOW
BRIAN D. BOYLE
SHANNON BARRETT
JORGE DENEVE
LAUREN WAGNER

By: /s/ *Brian D. Boyle*

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., Ameriprise Financial Services, LLC, and American Enterprise Investment Services, Inc., certifies that this brief contains 2,262 words, excluding the caption, the table of contents, the table of authorities, the signature block, and this certification, which complies with the word limit of L.R. 11-6.1.

By: /s/ *Brian D. Boyle*

Brian D. Boyle