**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3481

*Counsel for Proposed Intervenors Susanne Mehlman, Joy Hultman, Mindy Bender, and Robert Sullivan*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TED LOURENCO, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES LLC, AMERIPRISE FINANCIAL SERVICES, INC., and AMERICAN ENTERPRISE INVESTMENT SERVICES, INC.,<br><br>Defendants. | Case No. 2:24-cv-08825-MRA-KS<br><br>**PLAINTIFFS MEHLMAN, HULTMAN, BENDER, AND SULLIVAN'S OPPOSITION TO PLAINTIFF LOURENCO'S MOTION TO STAY PENDING DECISION ON CONSOLIDATION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>Date: January 6, 2025<br>Time: 1:30 p.m.<br>Courtroom: 10B<br>Judge: Hon. Mónica Ramírez Almadani |

Proposed intervenors Susanne Mehlman, Joy Hultman, Mindy Bender, and Robert Sullivan ("Ameriprise Plaintiffs") are plaintiffs in *Mehlman v. Ameriprise Financial, Inc.*, No. 24-cv-03018 (D. Minn.) (the "Ameriprise Litigation"), a consolidated proposed class action against Ameriprise concerning their underpayment to customers who participated in Ameriprise's cash sweep programs, which has been pending in the District of Minnesota since July 2024. Ameriprise Plaintiffs submit this opposition to Plaintiff Lourenco's motion to stay pending decision on consolidation by the Judicial Panel on Multidistrict Litigation ("JPML").[1]

## I. ARGUMENT

As set forth in Ameriprise Plaintiffs' Transfer Motion, and as all parties to this action have previously agreed, this action belongs in the District of Minnesota. This Court should deny Lourenco's motion to stay, and instead transfer this case to the District of Minnesota to be consolidated with the Ameriprise Litigation.

This is a clear-cut case for transfer. Transfer is supported by Defendants, proposed-intervenor Plaintiffs, and earlier, even by Lourenco—who previously indicated that he would have agreed to transfer before the MDL was filed. Graziano Decl. ¶4. In fact, the filing of a meritless MDL application is the only reason Lourenco now cites in favor of his requested stay. But rather than support a stay, the MDL further supports transfer. That is precisely what the JPML itself requested the parties to do here by instructing the parties to "address what steps they have taken to pursue alternatives to centralization" including "***seeking Section 1404 transfer of one or more of the subject cases***." *In re Cash Sweep Programs Contract Litigation*,

[1] Unless noted, (i) references to "Transfer Mot." and "Transfer Motion" are to Ameriprise Plaintiffs Mehlman, Hultman, Bender, and Sullivan's Motion to Intervene and to Transfer this Action to the District of Minnesota (ECF No. 30); (ii) references to "Graziano Decl." are to the Declaration of Salvatore J. Graziano (ECF No. 30-1); and (iii) all internal citations and internal quotations are omitted, and all emphasis is added.

MDL No. 3136 (J.P.M.L.), ECF No. 5.

Not surprisingly, the JPML's guidance in this case is consistent with the overwhelming case law favoring transfer—and denying stays like the one Lourenco requests—in this very circumstance. *See Calderon v. Cargill, Inc.*, 2013 WL 12205633, at *2 (C.D. Cal. Dec. 10, 2013). Indeed, in a parallel sweeps action brought by Edelsberg against Charles Schwab in the Middle District of Florida, Judge Sheri Polster Chappell granted transfer of the action to the Central District of California for consolidation with the class action currently pending against Schwab defendants in front of this very Court, *In re Charles Schwab Cash Sweep Litigation*, No. 24-cv-07344 (C.D. Cal). *See Morris v. Charles Scwhab Corp.*, No. 24-cv-0985 (M.D. Fla. Dec. 16, 2024), ECF No. 16 (rejecting argument that "the Court should wait for the JPML to rule, lift the stay, and then consider the instant motion").

Lourenco does not address any of this case law in his motion for a stay and instead merely states that a stay will risk duplication of effort because the MDL could order this case transferred elsewhere. This is wrong. As set forth in Ameriprise Plaintiffs' Transfer Motion, in all likelihood, the MDL will be rejected because it amounts to the very type of "industry-wide" MDL the JPML routinely rejects. This means that, by granting a stay, this Court would be forced to revisit and rule on transfer when that happens, wasting judicial resources and further delaying the prosecution of Ameriprise customers claims in the District of Minnesota. Moreover, as the JPML has repeatedly emphasized, the MDL would benefit from this Court's decision on Section 1404 transfer.

The Court should make this easy decision now, deny Lourenco's request for a stay, and order transfer to the District of Minnesota where this case clearly belongs.

### A. Legal Standards

On a motion to stay, "[t]he burden is on the movant to show that a stay is appropriate," and a motion before the JPML does not impact this Court's jurisdiction or obligation to rule on the motions before it. *Hernandez v. Sonic Corp.*, 2021 WL

3284814, at *1 (C.D. Cal. Mar. 9, 2021); J.P.M.L. Rule 2.1(d) (Section 1407 motion "does not affect or suspend . . . pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."). In fact, courts repeatedly hold that it is inappropriate to suspend proceedings "merely on the grounds that an MDL transfer motion has been filed." *Guardado v. Highshaw*, 2013 WL 12137105, at *2 (C.D. Cal. May 6, 2013).

To the contrary, and particularly when the parties before the court request transfer like here, the JPML specifically encourages courts to rule on motions to transfer. *See, e.g.*, *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011); *see also* ECF No. 25 at 3-4.

Not surprisingly, the JPML's guidance on this specific point is also consistent with the law in this District governing requested stays pending a decision from the JPML. Specifically, courts in this District look to the "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." *City of Corona v. 3M Co.*, 2021 WL 3829700, at *2 (C.D. Cal. Aug. 27, 2021). Each of these factors weighs against a stay in this action.

### 1. A Stay Will Prejudice the Parties and the Courts. Who Would Benefit from a Ruling on Section 1404 Transfer

First, granting a stay—and delaying a decision on a clear-cut transfer motion in deference to a meritless MDL—will impose additional prejudice on the parties by delaying the prosecution of the Ameriprise Litigation pending before Judge Tunheim.

As set forth in Ameriprise Plaintiffs' Transfer Motion, Lourenco's efforts to delay prosecution of these claims in the Ameriprise Litigation, which has been pending since July 2024, have already harmed the class. *See* Transfer Mot. at 9. As explained in that brief, the JPML will in all likelihood deny the MDL, forcing this Court to revisit and rule on transfer months from now, which will ultimately further delay the prosecution of the already-delayed the Ameriprise Litigation pending

before Judge Tunheim. Indeed, the MDL hearing is now scheduled to take place in 2025—meaning this Court will be forced to revisit transfer next year.

Ignoring this additional prejudice, Lourenco merely states in conclusory fashion that Defendants will experience "no prejudice" from a stay. To the contrary, Defendants agree that this action should be transferred to the District of Minnesota (ECF No. 26)—and would thus clearly be prejudiced too.

Granting a stay will also prejudice the JPML. The JPML specifically requested that the parties address the steps they have taken to accomplish transfer—as the Ameriprise Plaintiffs and Defendants request here. Granting a stay instead of ruling on a clear-cut transfer motion would deprive the JPML of this Court's consideration of where the class actions against Ameriprise properly belong. *See In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012); *see also* Transfer Mot. at 8.

Consistent with the JPML's guidance here, courts in this District and across the country routinely order Section 1404 transfer while an MDL is pending precisely because doing so promotes judicial efficiency. *See, e.g., Calderon v. Cargill, Inc.*, 2013 WL 12205633, at *2 (C.D. Cal. Dec. 10, 2013) ("Defendant's argument that we should stay this case pending a decision by the JPML is equally meritless [and that] Defendant might prefer an MDL over consolidation in the District of Hawaii does not defeat the merits of transferring this action pursuant to the first-to-file rule."); *A.I. Credit Corp. v. Andrews*, 1992 WL 297560, at *1 (S.D.N.Y. Oct. 2, 1992) (granting transfer motion while Section 1407 motion was pending).

Lourenco's cited cases to support a stay in this case are unavailing. *See* Transfer Mot. at 9 & n.5. For example, the court in *Cooper v. Siddighi* granted a stay and declined to rule on the motions to remand because the JPML would "likely decide the jurisdictional question of fraudulent misjoinder raised in the motions to remand." 2013 WL 12140988, at *3 (C.D. Cal. May 8, 2013). In contrast, this Court—and not the JPML—has the exclusive power to decide Section 1404 transfer

for all purposes, including trial, which the JPML has specifically encouraged the parties to pursue. Lourenco's reliance on *Gray v. Gerber Products Co.* is similarly unavailing. 2012 WL 4051186 (N.D. Cal. Sept. 12, 2012). Tellingly, the JPML denied the MDL application to centralize that case, specifically noting in its decision that "***Section 1404 rulings also can aid the Panel in its decision whether and where to centralize a given litigation***"—just as the JPML instructed the parties to do in the MDL application concerning this very case. *Cf. In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012), *with In re Cash Sweep Programs Cont. Litig.*, MDL No. 3136 (J.P.M.L. Nov. 6, 2024), ECF No. 5.

### 2. Lourenco Will Not Experience Hardship or Inequity if the Action is Not Stayed

Second, Lourenco has not shown that he will experience any hardship or inequity if the instant action is transferred. In fact, Lourenco has effectively conceded that this case belongs in the District of Minnesota, and it is difficult to see how transferring this action now rather than later will result in any "hardship" or "inequity" to Lourenco. Specifically, during the November 5, 2024 meet and confer, Lourenco's counsel represented that they would have agreed to transfer of this action to the District of Minnesota prior to the filing of the Section 1407 motion. Graziano Decl. ¶4. Lourenco's apparent acknowledgement that transfer would have been appropriate still holds true, and undermines any claim of hardship.

Undeterred, Lourenco and his counsel claim hardship by pointing out that he would be "required" to respond to Section 1404 transfer. But filing a brief is not the kind of "hardship" contemplated by courts, and rings particularly hollow here. *See Ramirez v. City Fibers, Inc.*, 2018 WL 6981837, at *3 (C.D. Cal. July 19, 2018) ("[R]equiring a party to litigate a case does not cause hardship or inequity sufficient to justify a stay.").

Lourenco and Edelsberg's refusal to litigate this late-filed case cannot be countenanced. Lourenco and his counsel chose to bring this later-filed case in the Central District of California, where not a single Defendant is headquartered, with

similar claims to those in the well-publicized Ameriprise Litigation, and well after leadership applications in the Ameriprise Litigation were due.[2] It was always exceedingly likely that Lourenco would face a Section 1404 motion. He cannot now claim there is some hardship in opposing a transfer motion on the basis of a meritless MDL application—particularly when he previously intended to consent to transfer.

### 3. Transferring to the District of Minnesota, and Denying a Stay, Will Save Judicial Resources

Third, staying this action will not promote judicial economy, but will undermine it. Indeed, transferring this case to the District of Minnesota and denying Lourenco's stay request will save Ameriprise Plaintiffs, Defendants, and this Court from wasting further judicial resources on this case.

This is true whether the JPML orders centralization or not. To start, and contrary to Lourenco's claim that there is more than a remote risk that the JPML will grant the application, the reality is that, in all likelihood, the JPML will deny the application as a disfavored and inappropriate industry-wide MDL. *See* Transfer Mot. at 20-25; *In re Honey Prod. Mktg. & Sales Pracs. Litig.*, 883 F. Supp. 2d 1333, 1333 (J.P.M.L. 2012). Ameriprise Plaintiffs have already filed a response in opposition to the MDL application, as have multiple additional plaintiffs and all of the named financial institutions that have taken a position on the meritless application. *In re Cash Sweep Programs Cont. Litig.*, No. 3136 (J.P.M.L.), ECF Nos. 64-72, 74-77.

---

[2] Since the filing of this stay motion, Edelsberg has continued to file late-filed cases in other Districts where clearly overlapping and related class actions have been pending, and where interim class counsel was already appointed. For example, on December 9, 2024, the day Interim Class Counsel was appointed in the consolidated sweeps action against Raymond James, Edelsberg filed a similar complaint against Raymond James—over three months after the first-filed action was filed. *Schmidlin v. Raymond James Fin. Inc.*, No. 24-cv-02041 (M.D. Fla. Dec. 9, 2024), ECF No. 51; *Cunningham v. Raymond James Fin., Inc.*, No. 24-cv-02843 (M.D. Fla. Dec. 9, 2024), ECF No. 1.

However, in the highly improbable scenario that centralization is ordered by the JPML, transferring now will ensure the case is already in the right court when pre-trial proceedings conclude. In contrast to Section 1404, Section 1407 transfer in an MDL is for "pretrial purposes" only, meaning that transferred cases must be remanded to their originating courts absent waiver—an outcome courts recognize wastes judicial resources as judges need "time to re-familiarize themselves with the actions" for trial following remand. *Gerber*, 899 F. Supp. 2d at 1380 (J.P.M.L. 2012); *see also* Transfer Mot. at 7-8. In other words, deferring to the JPML to decide where this case belongs is not only contrary to the JPML's instructions and case law, but it would also ultimately burden the parties and the Court in the highly unlikely event the MDL application is granted. For these same reasons, Judge Chappell granted transfer of Edelsberg's Schwab case from the Middle District of Florida to the Central District of California, where a consolidated class action against Schwab is already pending in this Court. *Morris v. Charles Schwab Corp.*, No. 24-cv-0985 (M.D. Fla. Dec. 16, 2024), ECF No. 16 (agreeing with proposed intervenors that "transfer under § 1404 is preferable to § 1407 centralization because the former transfer is for all purposes, including trial," and thus "§ 1404 provides the more streamlined option").

Lourenco does not address these efficiencies, and instead argues a stay will promote "efficient judicial administration" without explaining how that is true here. Lourenco is wrong. Transfer will eliminate the possibility of a risk of "inconsistent rulings" that Lourenco claims favor a stay; promote judicial economy because the JPML will benefit from this Court's ruling on transfer; and eliminate further delay of the prosecution of Ameriprise customers' claims. *See* Transfer Mot. at 7-12; *see also* ECF No. 36. Lourenco's claim that a stay should be ordered to "preserve" the parties' resources is remarkable given that it was Lourenco who has wasted Ameriprise Plaintiffs, Defendants, and this Court's resources by filing this late-filed action in this District instead of in the District of Minnesota—and initially intending

to agree to, and now opposing, transfer. As Defendants recognized in their motion to transfer, "permitting [Lourenco's] Complaint to proceed in California poses the exact risk of inconsistent rulings on similar issues, and duplicative, piecemeal, and wasteful litigation that the first-to-file rule is designed to avoid." ECF No. 26 at 8. Denying Lourenco's stay request and granting Ameriprise Plaintiffs' motion to transfer now will prevent further judicial resources from being wasted.

## II. CONCLUSION

For these reasons, Ameriprise Plaintiffs respectfully request that the Court deny the Stay Motion, and grant Ameriprise Plaintiffs' motion to intervene for the limited purpose of transferring this case to the District of Minnesota.

Dated: December 16, 2024

Respectfully submitted,

*/s/ Jonathan D. Uslaner*
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3481

-and-

Salvatore J. Graziano*
John Rizio-Hamilton*
Avi Josefson*
Michael D. Blatchley*
Adam H. Wierzbowski*
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
salvatore@blbglaw.com
johnr@blbglaw.com
avi@blbglaw.com

michaelb@blbglaw.com
adam@blbglaw.com

Michael Dell'Angelo*
Alex B. Heller*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
mdellangelo@bm.net
aheller@bm.net

Alan L. Rosca*
Jonathan A. Korte*
**ROSCA SCARLATO LLC**
2000 Auburn Dr. Suite 200
Beachwood, OH 44122
Telephone: (216) 946-7070
arosca@rscounsel.law
jkorte@rscounsel.law

-and-

Paul J. Scarlato*
**ROSCA SCARLATO LLC**
161 Washington Street, Suite 1025
Conshohocken, PA 19428
Telephone: (216) 946-7070
E-mail: pscarlato@rscounsel.law

Matthew L. Dameron*
Clinton J. Mann*
Claire M. Terrebonne*
**WILLIAMS DIRKS DAMERON LLC**
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: (816) 945-7110
Facsimile: (816) 945-7118
matt@williamsdirks.com
cmann@williamsdirks.com
cterrebonne@williamsdirks.com

Thomas I. Sheridan, III*
Sona R. Shah*
**SIMMONS HANLY CONROY LLP**
112 Madison Avenue
New York, NY 10016
Telephone: (212) 784-6404
Facsimile: (212) 257-8482
tsheridan@simmonsfirm.com
sshah@simmonsfirm.com

*Counsel for Proposed Intervenors Susanne Mehlman, Joy Hultman, Mindy Bender, and Robert Sullivan*

**pro hac vice* forthcoming