JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08825-MRA-KS | Date | January 17, 2025 |
| Title | Ted Lourenco v. Ameriprise Financial, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO STAY PENDING DECISION ON CONSOLIDATION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION [ECF 27], GRANTING PLAINTIFF-INTERVENORS' MOTION TO INTERVENE AND JOIN IN DEFENDANTS' MOTION TO TRANSFER [ECF 30], AND GRANTING DEFENDANTS' MOTION TO TRANSFER [ECF 26]**

Before the Court are Plaintiff Ted Lourenco's Motion to Stay Pending Decision on Consolidation by Judicial Panel on Multidistrict Litigation (the "Motion to Stay"), Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, LLC, Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc.'s (collectively, "Defendants" or "Ameriprise") Motion to Transfer, and Plaintiff-Intervenors Susanne Mehlman, Joy Hultman, Mindy Bender, and Robert Sullivan's (collectively, "Plaintiff-Intervenors") Motion to Intervene and Join in Defendants' Motion to Transfer (the "Motion to Intervene") (collectively, the "Motions"). ECF 26, 27, 30. The Court read and considered the Motions and deemed the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The hearing was therefore vacated and removed from the Court's calendar. ECF 46. For the reasons stated herein, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Stay, **GRANTS** Plaintiff-Intervenors' Motion to Intervene, and **GRANTS** Defendants' Motion to Transfer.

## I. BACKGROUND

On July 29, 2024, Plaintiff-Intervenors Susanne Mehlman and Joy Hultman filed a putative class action in the District of Minnesota, challenging Ameriprise's cash sweep programs. ECF 26-2 (Wagner Decl.) ¶ 7, Ex. 1 (ECF 26-3). On August 21, 2024, Plaintiff-Intervenor Mindy Bender filed a second complaint against Ameriprise in the District of Minnesota over its cash sweep programs. *Id.* ¶ 8, Ex. 2 (ECF 26-4). On October 3, 2024, the complaints were

consolidated before Judge John R. Tunheim in the District of Minnesota under *Mehlman v. Ameriprise Financial, Inc.*, No. 24-cv-03018, after the Court determined that the two cases "involve the same questions of law and fact, and are brought on behalf of the same proposed class against the same defendants." *Id.* ¶ 9, Ex. 3 (ECF 26-5) at 3. On November 4, 2024, the plaintiffs in the consolidated case—Plaintiff-Intervenors—filed a consolidated complaint against Ameriprise. *Id.* ¶ 10, Ex. 4 (ECF 26-6). It generally alleges that Ameriprise's sweep rates are below market and unreasonably in conflict with Ameriprise's fiduciary and contractual duties. ECF 26-6 ¶¶ 1-10. In *Mehlman*, Plaintiff-Intervenors seek to represent the following nationwide classes: (1) "[c]lients of Ameriprise who had cash deposits or balances in Ameriprise's Bank Sweep Programs from July 29, 2018 until the unlawful conduct alleged herein ceases" and (2) "[c]lients of Ameriprise who held an Individual Retirement Account or advisory account with Ameriprise and had cash deposits or balances in Ameriprise's Bank Sweep Programs from July 29, 2018 until the unlawful conduct alleged herein ceases." *Id.* ¶¶ 133-34. They bring causes of action for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, and unjust enrichment. *Id.* ¶¶ 148-175.

On October 14, 2024, approximately three months after the first complaint was filed against Ameriprise, Plaintiff Ted Lourenco ("Plaintiff" or "Lourenco") filed the instant action challenging the same conduct at issue in the consolidated Minnesota cases. ECF 1 (Compl.). Like Plaintiff-Intervenors, Plaintiff generally alleges that Ameriprise's sweep program provides below market rates of interest in violation of their contractual and fiduciary duties. *Id.* ¶ 2. Plaintiff seeks to represent the following nationwide class: "All persons who had cash deposits or balances in retirements accounts custodied by Defendants and whose cash was placed into an Ameriprise Insured Money Market Account or Ameriprise Bank Insured Sweep Account." *Id.* ¶ 80. He also seeks to represent the following California sub-class: "All California residents who had cash deposits or balances in retirements accounts custodied by Defendants and whose cash was placed into an Ameriprise Insured Money Market Account or Ameriprise Bank Insured Sweep Account." *Id.* He brings causes of action for breach of fiduciary duty, breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and violation of California's Unfair Competition Law on behalf of the California sub-class only. *Id.* ¶¶ 90-131.

At least 36 class action lawsuits challenging various financial service companies' cash sweep programs are pending across the country. On October 30, 2024, the plaintiffs in two other cash sweep cases filed a motion to transfer and consolidate all pending cash sweep cases for pretrial proceedings before the Judicial Panel on Multi-District Litigation (the "JPML") pursuant to the Multidistrict Litigation Act, 28 U.S.C. § 1407 (the "MDL Motion"). *In re Cash Sweep Programs Cont. Litig.*, MDL No. 3136 (J.P.M.L). Plaintiff supports the MDL Motion. *See* ECF 39 at 2-3. The MDL Motion is set for hearing on January 30, 2025. *See id.* at 3.

On November 8, 2024, Defendants filed its Motion to Transfer and Plaintiff filed his Motion to Stay. ECF 26, 27. Ameriprise argues that transfer is warranted under the first-to-file rule and 28 U.S.C. § 1404(a). ECF 26 at 7. Plaintiff argues that the Court should not act on the Motion to Transfer and instead stay proceedings pending a decision by the JMPL on the MDL Motion. ECF 27 at 4. On November 13, 2024, Plaintiff-Intervenors filed their Motion to Intervene, seeking to intervene for the limited purpose of joining in Defendants' Motion to Transfer. ECF 30. Plaintiff opposes the Motion to Transfer and Motion to Intervene. ECF 39. Defendants and Plaintiff-Intervenors oppose Plaintiff's Motion to Stay. ECF 38, 40. The parties filed Replies in support of their respective Motions. ECF 42, 43, 44.

## II. DISCUSSION

### A. Intervention

Federal Rule of Civil Procedure 24(a) provides that, upon timely motion, a party may intervene as of right if that party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). An applicant for mandatory intervention under Rule 24(a)(2) must establish four elements:

> (1) that the prospective intervenor's motion is "timely"; (2) that the would-be intervenor has "a significantly protectable interest relating to . . . the subject of the action," (3) that the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) that such interest is "inadequately represented by the parties to the action."

*Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016).

Courts allow intervention in class actions liberally because of the policy expressed by Rule 23, which provides that the court must "prescribe measures to prevent undue repetition or complication in presenting evidence or argument" and "protect class members and fairly conduct the action." Fed. R. Civ. P. 23(d)(1)(A), (B). Further, putative class members must have an "opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action." *Id.* 23(d)(1)(B)(iii).

The Court agrees with Plaintiff-Intervenors that they meet the requirements for mandatory intervention. Their request to intervene is "timely" within the meaning of Rule 24(a). They are

seeking intervention within weeks of the filing of this action and prior to any substantive proceedings. *See Subbaiah v. GEICO Gen. Ins. Co.*, No. 219CV06717ABJPRX, 2019 WL 9904278, at *3 (C.D. Cal. Dec. 11, 2019) (finding motion to intervene was timely where proposed intervenors filed their motion "just over two months after" the action was filed in state court, "Defendant ha[d] yet to answer, and "no substantive proceedings ha[d] taken place"). Defendants have yet to file an answer. *See* ECF 37 (staying deadline to respond to the Complaint pending ruling on the Motion to Transfer). The Court has not set a scheduling conference, and discovery has not yet commenced.

Plaintiff-Intervenors also have "a significantly protectable interest relating to . . . the subject of the action," and they are "so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect that interest." *Smith*, 830 F.3d at 853. They are members of the putative class in this case and are prosecuting overlapping claims in earlier filed litigation. They argue that allowing this later-filed case to proceed on a separate track undermines the consolidation efforts in Minnesota, delays prosecution of the Ameriprise cash sweep litigation, and "sows confusion within the class as to who is able to speak for them—underscoring that Lourenco's interests are adverse to those of Ameriprise Plaintiffs and the Class and the propriety of intervention here." ECF 30 at 12. For this reason, the Plaintiff-Intervenors' interests are "inadequately represented by the parties to [this] action." *Smith*, 830 F.3d at 850.

In his Opposition, Plaintiff does not dispute the merits of intervention. *See* ECF 39 (arguing only that deciding Defendants' Motion to Transfer would be "premature" and "imprudent"). Accordingly, the Court **GRANTS** Plaintiff-Intervenors' Motion to Intervene.

### B. Stay

"It is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). Yet, as a general rule, "[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997). Courts have observed that judicial economy is "best served by determining the threshold issue of the appropriate forum for the litigation as quickly as possible." *Hoiland v. Bayer Corp.*, No. SACV091350DOCRNBX, 2009 WL 10673215, at *2 (C.D. Cal. Dec. 4, 2009); *accord Buchanan v. Johnson & Johnson*, No. CV 15-5315 PA (EX), 2015 WL 13916304, at *4 (C.D. Cal. Oct. 16, 2015) (denying motion to stay and transferring case pursuant to § 1404 to "best serve the interests of justice and the convenience of the parties and witnesses");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-08825-MRA-KS | Date | January 17, 2025 |
|---|---|---|---|
| Title | Ted Lourenco v. Ameriprise Financial, Inc., et al. | | |

*Guardado v. Highshaw*, No. EDCV13365PSGSPX, 2013 WL 12137105, at *2 (C.D. Cal. May 6, 2013). Indeed, the JPML explicitly states that the pendency of a motion before the JPML "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L. 2.1(d). Moreover, the JPML has long held that "centralization under section 1407 should be the last solution after considered review of all other options, including transfer pursuant to section 1404." *In re Best Buy Co., Cal. Song–Beverly Credit Card Act Litig.* (*Best Buy*), 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).

When deciding whether to stay proceedings, the district court must consider three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers*, 980 F. Supp. at 1360; *accord City of Corona v. 3M Co.*, No. 5:21-CV-01156-SVW-AS, 2021 WL 3829700, at *2 (C.D. Cal. Aug. 27, 2021). The third factor—preservation of judicial resources—is "a primary factor to consider in evaluating a motion to stay proceedings pending a transfer to an MDL court." *Segovia v. Bristol-Myers Squibb Co.*, No. CVNO1500519DKWRLP, 2016 WL 7007482, at *2 (D. Haw. Nov. 30, 2016) (citing *Rivers*, 980 F. Supp. at 1360–61).

Plaintiff has not shown that a stay serves the interest of judicial economy. He argues that a temporary stay pending the MDL Motion "will prevent the need for duplicative proceedings in this Court and other jurisdictions, preserving judicial resources." ECF 27 at 5. This contention is ill supported by the procedural posture of this case, in which the Court has been called upon to make a threshold determination of whether venue is proper in this district or the District of Minnesota. *See* ECF 26. Because the answer is a straightforward one, as explained below, staying this case without first deciding transfer of venue would undermine judicial economy, not promote it.

Plaintiff's heavy reliance on *Rivers* is misplaced. *See* ECF 27 at 4, 5-6, 7, 9. In *Rivers*, the district court found that judicial resources could be conserved for reasons that are wholly inapplicable here. *First*, the Court emphasized that if the action was consolidated before the JPML, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." 980 F. Supp. at 1360. *Second*, "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id.* at 1360-61. As such, the court reasoned that "a great deal of this Court's time and energy [] could be saved by staying the instant case pending the MDL Panel decision." *Id.* at 1361. But here, in deciding on transfer, the Court is *not* having to familiarize itself with the intricacies of this case, nor is it undertaking any case management efforts that would have to be duplicated by a transferee court. Plaintiff

makes no attempt to square the reasoning in *Rivers* with the practicalities of this case.

Plaintiff also fails to demonstrate that the balance of hardships favors a stay. Plaintiff argues that he will face "undue hardship and expense if this case proceeds without a stay," because he "will be required to respond to Defendants' pending motion to transfer, which will be moot should the JPML grant the MDL Motion." ECF 27 at 6. This is wrong for several reasons. *First*, this argument is incorrect on the law. As explained below, consolidation before the JPML would be for pretrial proceedings *only*; it would not decide the proper venue for trial, which Plaintiff-Intervenors and Defendants contend is the District of Minnesota. *Second*, the filing of briefing is not the kind of "hardship" contemplated by courts. *See Ramirez v. City Fibers, Inc.*, No. 217CV01300ABAGRX, 2018 WL 6981837, at *3 (C.D. Cal. July 19, 2018) ("[R]equiring a party to litigate a case does not cause hardship or inequity sufficient to justify a stay."). *Third*, this argument rings hollow because, as observed below, Plaintiff failed to—indeed, cannot in good faith—raise any substantive objections to transfer. Put simply, Plaintiff has not alleged any hardship arising from a denial of the requested stay. In contrast, the Court is persuaded by Defendants and Plaintiff-Intervenors that a stay without a decision on venue only delays prosecution of the Ameriprise cash sweep litigation in the more appropriate venue. *See* ECF 38 at 7; ECF 40 at 4.

Accordingly, the Court **DENIES** Plaintiff's Motion for a Stay.

### C. Transfer

The first-to-file rule is "a judicially created doctrine of federal comity, which applies when two cases involving substantially similar issues and parties have been filed in different districts." *In re Bozic*, 888 F.3d 1048, 1051 (9th Cir. 2018) (internal citations and quotation marks omitted). Under the rule, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Id.* (quoting *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)). It is intended to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). "When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'" *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1241 (9th Cir. 2015) (citation omitted).

Transfer pursuant to the first-to-file rule must nevertheless comport with 28 U.S.C. § 1404(a). *See id.* at 1054 ("Although the first-to-file rule guides the district court's exercise of discretion in handling related cases, the requirements of § 1404(a) cabin the exercise of that discretion."). "[S]ection 1404(a) requires two findings—that the district court is one where the

action might have been brought and that the convenience of parties and witnesses in the interest of justice favor transfer." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) (quotation marks omitted). At base, section § 1404(a) and the first-to-file rule share the same purpose: judicial efficiency. *Compare id.* (citing "the convenience of parties and witnesses in the interest of justice") *and Alltrade*, 946 F.2d at 625 ("The first-to-file rule was developed to serve the purpose of promoting efficiency well and should not be disregarded lightly." (citation and internal punctuation omitted)).

The first-to-file rule warrants transfer of this case to the District of Minnesota. The earlier-filed consolidated case in Minnesota and the later-filed instant action involve "substantially similar issues and parties." *In re Bozic*, 888 F.3d at 1051 (quoting *Kohn L. Grp.*, 787 F.3d at 1239). *First*, as to the parties, "the first-to-file rule does not require exact identity of the parties." *Kohn L. Grp.*, 787 F.3d at 1240. Here, the defending parties in this case and the consolidated case are the same: Ameriprise. *Compare* Compl. *with* ECF 26-6. Further, the putative classes in this case are subsumed within the putative class in the consolidated Minnesota action. *Compare* Compl. ¶ 80 *with* ECF 26-6 ¶¶ 133-34. These cases also involve "substantial overlap" of issues. *Kohn L. Grp.*, 787 F.3d at 1241. The class claims in this case are nearly identical to those made in two prior complaints, consolidated under *Mehlman*. Given these similarities, the Court agrees with Defendants that allowing this case to separately proceed in this district "poses the exact risk of inconsistent rulings on similar issues, and duplicative, piecemeal, and wasteful litigation that the first-to-file rule is designed to avoid." ECF 26 at 14.

Relatedly, transfer is proper under 28 U.S.C. § 1404(a). Without question, this later-filed case could have been originally brought in the District of Minnesota. The District of Minnesota would have had diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. *See* Compl. ¶¶ 9, 12, 13-16 (alleging that "this action is brought as a class action . . . , one or more members of the class are citizens of a state different than the Defendants, and the amount in controversy exceeds five million dollars."). Venue would also have been proper in the District of Minnesota because Defendants reside in Minnesota. *Id.* ¶¶ 13-16 (alleging that Defendants are all headquartered in Minnesota); *cf.* 28 U.S.C. § 1391(b)(1). Moreover, transfer to the District of Minnesota serves the interests of convenience and justice. A substantially similar consolidated action is already pending in that district, and maintaining separate actions would unnecessarily duplicate fact-finding efforts. *See* ECF 26 at 15. Moreover, because Defendants are based in Minnesota, the relevant documents and witnesses are likely to be located there. ECF 26-1 (LaPlante Decl.) ¶¶ 2, 4, 6, 7.

Plaintiff opposes the Motion to Transfer *not* on its merits, but on the grounds that "it is premature and imprudent" when "[b]riefing [o]n the MDL Motion is complete and [the] JPML is

expected to rule quickly." ECF 39 at 3. To be sure, Plaintiff cannot credibly oppose transfer because he supports transfer for consolidated pretrial proceedings before the JPML for similar reasons advanced by Defendants and Plaintiff-Intervenors in support of transfer to the District of Minnesota. *See* ECF 39 at 2-3; *see also* Resp. of Pls. Jamie Canales, Gopal Chakravarthy, Ted Lourenco, and David M. Morris in Supp. of Mot. to Transfer and Consolidate Pursuant to 28 U.S.C. § 1407*, In re Cash Sweep Programs Cont. Litig.*, MDL No. 3136 (JPML Nov. 27, 2024), ECF 73. Nevertheless, Plaintiff insists that a "brief stay pending the JPML's decision will not unduly delay this case" and "when considering that the JPML may consolidate and transfer this action . . . in a matter of weeks, it is a waste of the parties' and judicial resources to transfer this case at this time." *Id.* at 3-4.

The Court is not persuaded by Plaintiff's argument, which is based on a fundamentally flawed understanding of centralization before the JPML. As an initial matter, transfer pursuant to 28 U.S.C. § 1407 is only for the purposes of pretrial proceedings, *not* trial. 28 U.S.C. § 1407(a) ("Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated."); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998) (explaining that section 1407 "obligates the Panel to remand any pending case to its originating court when . . . those pretrial proceedings have run their course"). As such, Plaintiff is mistaken in believing that consolidation before the JPML would "moot" Defendants' and Plaintiff-Intervenors' request to transfer venue. ECF 39 at 6. To the contrary, it would only punt a decision on that threshold question.

Furthermore, as explained above, the JPML has made clear that "centralization under Section 1407 should be the *last solution* after considered review of all other options," including transfer under section 1404(a). *Best Buy*, 804 F. Supp. 2d at 1378 (emphasis added). In fact, these "alternative means to Section 1407 centralization . . . are *preferable*." *Id.* (emphasis added). In the pending cash sweep litigation, the JPML has specifically instructed the parties to "address what steps they have taken to pursue alternatives to centralization," including "seeking Section 1404 transfer of one or more of the subject cases." *In re Cash Sweep Programs Cont. Litig.*, No. 3136 (J.P.M.L. Nov. 6, 2024), ECF 5. Plaintiff does not explain why the Court should depart from the JPML's clear instructions here.

In another cash sweep case, a district court recently rejected a similar attempt—by Plaintiff's counsel no less—to delay transfer based on the same pending MDL Motion. *See Morris v. Charles Schwab Corp.*, No. 2:24-CV-985-SPC-NPM, 2024 WL 5125516 (M.D. Fla.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08825-MRA-KS | Date | January 17, 2025 |
| Title | Ted Lourenco v. Ameriprise Financial, Inc., et al. | | |

Dec. 16, 2024).[1] There, as here, the plaintiff "argue[d] that the Court should wait for the JPML to rule, lift the stay, and then consider the instant motion." *Id.* at *2. To which the court responded, "But why wait?" *Id.* Left asking the same question here, the Court finds that in attempting to stay this case without a decision on transfer, Plaintiff seeks only to delay an inevitable, straightforward determination that this case belongs in the District of Minnesota pursuant to the first-to-file rule and section 1404(a). The obvious approach is to transfer this case now, not later.

Accordingly, the Court **GRANTS** Defendants' Motion to Transfer.

## D. CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Stay, **GRANTS** Plaintiff-Intervenors' Motion to Intervene, and **GRANTS** Defendants' Motion to Transfer. Plaintiff may renew his Motion to Stay before the transferee court in a manner consistent with Federal Rule of Civil Procedure 11. The clerk is directed to **TRANSFER** this case to the District of Minnesota.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk gga

[1] *Morris* was transferred to this district to be consolidated with *In re Charles Schwab Cash Sweep Litigation* (*Charles Schwab Cash Sweep*), No. 2:24-cv-07344-HDV-E (C.D. Cal.). A similar stay motion is pending in that case. Mot. to Stay Case, *Charles Schwab Cash Sweep,* No. 2:24-cv-07344-HDV-E (C.D. Cal. Dec. 6, 2024), ECF 46.